UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-0259 PA (RZx) | Date | January 30, 2014 |
|---|---|---|---|
| Title | Elizabeth Woods, et al. v. CVS Pharmacy, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS — COURT ORDER

Before the Court is a Notice of Removal filed by defendants CVS Pharmacy, Inc., CVS Rx Services, Inc., and Garfield Beach CVS, LLC ("Defendants") on January 10, 2014. Defendants assert that this Court has jurisdiction over the action brought against them by plaintiffs Elizabeth Woods and Arash Akmal ("Plaintiffs") on the basis of the Class Action Fairness Act ("CAFA"). See 28 U.S.C. § 1332.

**I.   Background**

On November 8, 2013, Plaintiffs filed a class action complaint in Los Angeles County Superior Court. The Complaint alleges the following causes of action: (1) failure to pay minimum wages under California Labor Code § 1194; (2) failure to pay overtime compensation under California Labor Code § 1194; (3) failure to provide accurate itemized wage statements under California Labor Code § 226; (4) failure to reimburse business expenses under California Labor Code § 2802; (5) waiting time penalties under California Labor Code §§ 201-203; (6) conversion under California Civil Code §§ 3336 and 3294; and (7) unfair business practices under California Business and Professions Code § 17200, et seq.

Plaintiffs are pharmacists who have worked for Defendants as "floater" pharmacists in Region 60 of Defendants' California retail operations. Plaintiffs seek to represent a class comprised of

> All persons who are or were employed by DEFENDANTS in Region 60 of DEFENDANTS' California retail operations in the State of California as non-exempt "floater" pharmacists (this includes all employees who provide or provided pharmacy services at multiple store locations, whether or not designated by DEFENDANTS as a "floater") or any employee with the same job duties during the Class Period (i.e., as defined in Paragraph 1 of this Complaint, the time period beginning four years prior to the filing of this Complaint through the trial date)

(Compl. ¶ 15.)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 14-0259 PA (RZx) | Date | January 30, 2014 |
|---|---|---|---|
| Title | Elizabeth Woods, et al. v. CVS Pharmacy, Inc., et al. | | |

Defendants' Notice of Removal asserts, among other things, that the aggregate amount in controversy in this case exceeds $5,000,000.

**II.    Legal Standard**

A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court.  28 U.S.C. §1441.  The removal statutes are construed restrictively, so as to limit removal jurisdiction.  Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09, 61 S. Ct. 868, 872, 85 L. Ed. 1214, 1219 (1941); see also Abrego v. Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006).  The district court must remand the case if, before final judgment, it appears  that the court lacks subject matter jurisdiction.  28 U.S.C. §1447(c).  There is a "strong presumption" against removal jurisdiction.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal.  Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004).  "Where doubt regarding the right to removal exists, a case should be remanded to state court."  Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

CAFA provides that district courts have original jurisdiction over any class action in which (1) the amount in controversy exceeds five million dollars, (2) any plaintiff class member is a citizen of a state different from any defendant, (3) the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief, and (4) the number of plaintiffs in the class is at least 100.  28 U.S.C. §§ 1332(d)(2), (d)(5).  The amount in controversy requirement excludes only "interest and costs"; thus attorneys' fees are included in the calculation of the amount in controversy.  28 U.S.C. § 1332(a); Guglielmino v. McKee Foods Corp., 506 F.3d 696, 700 (9th Cir. 2007).

"[U]nder CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction."  Abrego, 443 F.3d at 685.  Thus, Defendants bear the burden to establish that this Court has jurisdiction over Plaintiff's claims.  Jurisdiction cannot be based on speculation.  See Lowdermilk v. U.S. Bank Nat'l Assoc., 479 F.3d 994, 1002 (9th Cir. 2007), overruled on other grounds by Rodriguez v. AT&T Mobility Servs., LLC, 728 F.3d 975, 977, 980 (9th Cir. 2013).  "Conclusory allegations as to the amount in controversy are insufficient."  Matheson, 319 F.3d at 1090-91.  A plaintiff seeking to represent a putative class can not evade federal jurisdiction by stipulating that the amount in controversy falls below the jurisdictional minimum.  Standard Fire Ins. Co. v. Knowles, 133 S. Ct. 1345, 1350, 185 L. Ed. 2d 439 (2013).  The Ninth Circuit recently held that Standard Fire has so undermined the reasoning of Lowdermilk that the latter has been effectively overruled.  Therefore, a defendant seeking removal of a putative class action must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum.  Rodriguez, 728 F.3d at 981.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-0259 PA (RZx) | Date | January 30, 2014 |
|---|---|---|---|
| Title | Elizabeth Woods, et al. v. CVS Pharmacy, Inc., et al. | | |

When determining the amount in controversy, the Court must assume that the allegations in the complaint are true and that a jury will return a verdict in plaintiff's favor on all of the claims in the complaint. Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); see also Rippee v. Boston Mkt. Corp., 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005). "[T]he amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). The contents of the notice of removal and supplemental evidence provided after the removal petition has been filed may be considered to determine whether the defendant has adequately shown that the amount in controversy has been met. See Abrego, 443 F.3d at 690; Cohn v. Petsmart, Inc., 281 F. 3d 837, 840, 840 n.1 (9th Cir. 2002). A court may also "consider any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" Valdez, 372 F.3d at 1117 (quoting Matheson, 319 F.3d at 1090).

**III.     Analysis**

In the Notice of Removal, Defendants contend that there are at least 1,087 putative class members. However, Defendants assert that Plaintiffs' proposed class in not ascertainable because there is no way to identify which of Defendants' pharmacists were actually employed as "floaters" since some floaters have the title and some do not. (Notice of Removal ¶ 5.) The Notice of Removal then assumes the broadest interpretation of the class definition without providing a sufficient basis for doing so. There is nothing in the Complaint or in an "other paper" to support the Defendants' use of their broadest interpretation of the class definition. Defendants rely on this potentially inflated and speculative number of class members in order to establish the amount in controversy. Thus, the Court finds that Defendants have failed to satisfy the preponderance of evidence standard.

Defendants identified every pharmacist who worked at more than one CVS location within Region 60, since November 8, 2010. Defendants contend that "Region 60 contains 1,087 pharmacist employees who were 'floater' pharmacists or pharmacists who had at least one shift where they were paid at more than one store any calendar year in the class period." (Crandall Decl. ¶ 9.) This number seems over inclusive as it would include pharmacists who transferred from one home store to another home store during the time period or pharmacists who had a home store and only covered once at another store. At this stage of the proceedings, it is not clear that all of these pharmacists would be considered "floaters" according to Plaintiffs' class definition and Complaint. Since Defendants have failed to meet their burden as to the number of putative class members, Defendants other calculations of the amount in controversy fail to establish that the amount exceeds $5,000,000.

For example, Defendants estimate that the amount in controversy for Plaintiffs' waiting time penalties claim is $3,889,798. Since this number is partially based on Defendants' speculative estimate of 1,087 putative class members, the Court finds that Defendants failed to prove this amount by a preponderance of evidence. In addition, Defendants assume the maximum penalty of 30 days without

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 14-0259 PA (RZx) | Date | January 30, 2014 |
|---|---|---|---|
| Title | Elizabeth Woods, et al. v. CVS Pharmacy, Inc., et al. | | |

providing any basis for that assumption. (Crandall Decl. ¶ 8.) Defendants neither explain why they used the maximum penalty to calculate the amount in controversy nor provide any evidence in support of using the maximum penalty as a basis for their calculations. Defendants' calculation of the amount in controversy is thus merely speculation and conjecture. Accordingly, Defendants have not proven by a preponderance of the evidence that the amount in controversy has been met. See, e.g., Kenneth Rothschild Trust, 199 F. Supp. 2d at 1001.

Defendants similarly fail to provide evidence to support their assumptions regarding the 47,457 instances where pharmacists "potentially worked a shift at more than one store or a store other than their 'home' store" used to calculate Plaintiffs' unpaid overtime claim. (Notice of Removal ¶ 6). The Complaint alleges that Defendants "failed to fully compensate PLAINTIFFS and Class Members for all overtime wages they earned, in particular, by failing to compensate 'floater' pharmacists for time spent 'floating' between stores and by failing to accurately total all hours worked across multiple stores . . . ." (Compl. ¶ 28.) Even Plaintiffs' representation to defense counsel that their class definition covers all individuals who worked as pharmacists at multiple CVS locations does not establish that the definition of "floater" incorporates those pharmacists who had a home store and only worked at another store once. Defendants fail to provide underlying facts supporting the assertions and assumptions used to calculate the amount in controversy. Therefore, Defendants have not demonstrated by a preponderance of evidence that the aggregate amount in controversy exceeds the jurisdictional minimum. Since Defendants have failed to meet their burden to establish the amount in controversy, the Court does not reach the issue of whether Garfield Beach CVS, LLC is a sham defendant.

### Conclusion

For the foregoing reasons, Defendants have not met their burden to establish this Court's jurisdiction. Accordingly, this action is remanded to the Los Angeles County Superior Court, Case No. BC526977, for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c). The scheduling conference scheduled for March 10, 2014 is vacated.

IT IS SO ORDERED.